**ROBINSON v. LINFIELD COLLEGE et al.**

**No. 10221.**

Circuit Court of Appeals, Ninth Circuit.

June 29, 1943.

Rehearing Denied July 31, 1943.

O. C. Moore and W. C. Losey, both of Spokane, Wash., and H. M. Dunphy, of Los Angeles, Cal., for appellant.

James A. Williams, B. H. Kizer, Paul K. Cooney, and Arnold L. Graves, all of Spokane, Wash., for appellee Linfield College.

A. W. Witherspoon, W. W. Witherspoon, and William V. Kelley, Jr., all of Spokane, Wash., for appellee Sanderson.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On July 19, 1913, Edward S. Ross and two of his sons, Linfield S. Ross and Elwyn G. Ross, organized and incorporated the Ross Holding Company in the State of Washington. They were all designated trustees. The holding company functioned as a family corporation to take and hold title to real property. Edward S. Ross and his wife transferred to the holding company in full payment of capital stock real estate owned by them including the property here in question. The property was encumbered by a mortgage.

Frances E. R. Linfield was the sister of Edward S. Ross. On January, 1915, when the Ross Holding Company was in straitened circumstances, Mrs. Linfield was selected as director and as vice-president and she so acted until 1918. In 1918, she moved to Oregon. In 1921, she was connected with McMinnville College and during the next seven years served there as Dean of Women.

On or about July 1, 1916, Ross Holding Company was stricken from the records of the state for not paying annual license fees. In 1923, the Secretary of the State of Washington made an entry in the Registry of Corporations dissolving the Ross Holding Company.

On September 26, 1916, mortgage foreclosure proceedings on the real estate involved were commenced against the Ross Holding Company, Mary C. Ross personally and as administratrix of the estate of Edward S. Ross, deceased. Judgment was asked against each of the defendants in approximately the amount of $60,000. The complaint asked for the appointment of a receiver to protect creditor's interest in

806

assets of Ross Holding Company. At times during the year preceding the institution of the foreclosure suit and later there was discussion of the financial difficulties of the company in which Mrs. Linfield participated. On October 4, 1916, the Ross Holding Company by Elwyn G. Ross and Linfield S. Ross (Edward S. Ross now dead) executed a deed of property in suit to Mrs. Linfield at the recited consideration of $75,000, and provided that Mrs. Linfield assume and agree to pay the mortgage against the property which was being foreclosed. On October 5, 1916, Mrs. Linfield executed a mortgage on this and other property of hers to the Spokane & Eastern Trust Company for $65,000 and with these proceeds paid off this mortgage.

In January, 1918, Linfield S. Ross sued the Ross Holding Company and asked appointment of a receiver, alleging the affairs of the holding company and the Ross Investment Company had become mixed and confused; that interest, taxes and assessments were delinquent; that many suits were pending; that a receiver was necessary to protect the interest of creditors. In February, 1918, the Spokane & Eastern Trust Company was appointed as receiver. The court found that shortly after the receiver was appointed, Mrs. Linfield was called to the office of the receiver and questioned as it had been asserted that Mrs. Linfield had taken the most valuable property which the company owned. On April 10, 1918, she sent a written tender to the receiver advising the bank that she would at any time within three months relinquish the property for the amount she had in it if the receiver felt there was anything unfair in the transaction. The receiver's officers, after investigation and after consultation with their counsel, who was also counsel for the Ross Holding Company and its officers, concluded that the property was not worth the amount of Mrs. Linfield's investment in it and declined to act upon Mrs. Linfield's offer. The lower court found at the time she acquired the property it was not earning "its carrying charges."

In April, 1918, Mrs. Linfield proposed to make a gift to the college of the four pieces of property she owned in Spokane, including the property in issue subject to the encumbrances thereon on condition that she enjoy the life income therefrom. In April, 1918, she devised by will this property to the college. A year later she deeded the property to the college and the president in turn executed a contract providing for her care during her lifetime and providing for the change of the name of the college from McMinnville College to Linfield College. In January, 1922, announcement of the transaction was made public and the deed for the property executed and recorded in the office of the Auditor of Spokane County, Washington. Wide publicity was given to the transaction through the press. Each one of the principals who might be directly or indirectly heirs of plaintiff's decedents or interested in the Ross Holding Company had knowledge of these transactions in the spring of 1922. Elwyn G. Ross and Linfield S. Ross conferred with counsel as to advisability of bringing action to recover the property. At the time the present action was brought, all the parties to or connected with the transaction were dead. Edward G. Ross died in 1915; Mary Ross, his wife, in 1918; Elwyn G. Ross, 1924; and Linfield S. Ross, June 1939.

William S. Lewis was appointed administrator of the estates of Edward S. Ross and Mary Ross in 1919 and he died in 1941. In April, 1941, plaintiff was appointed administrator de bonis non of the estates of Edward S. Ross and Mary C. Ross and brings this suit in that capacity to impress this property with a constructive trust for the benefit of the estates so represented.

The lower court found no equity in the plaintiff's case; found that no fraud had been perpetrated in the execution of the deed; that the transaction of 1916 had been ratified; that laches and the statute of limitations barred recovery. From that judgment this appeal is taken.

▇▇▇ The question to be decided at the outset is whether the action is barred by the statute of limitations and long continued laches. The pertinent dates are these: The deed was executed to Mrs. Linfield in 1916; since October, 1916, she and her successors had been in possession of this property; this action was filed June 23, 1941.

The court found that there was no fraud in the transaction, by which the deed was obtained, no fraud on the part of anyone holding under or through Mrs. Linfield, and the parties not only had actual, open and notorious possession, but this was made in good faith and under claim of title.

By Section 788, Remington's Revised Statutes of the State of Washington, it is provided: "Every person in actual, open and notorious possession of lands, or

tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section."

By Section 156, Remington's Revised Statutes, it is provided: "Actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the premises in question within ten years before the commencement of the action."

There is no doubt but what these statutes of limitations had closed the plaintiff's case at law and the question is now whether laches will bar equitable relief.

The lower court, after hearing all the evidence and being confronted by all the parties and witnesses, determined that there was no fraudulent transaction involved here. In the absence of fraud, a Federal Court, although not bound by state statutes of limitations, will ordinarily be guided thereby in determining whether the suit should be dismissed because of laches. In the recent case of Russell v. Todd, 309 U.S. 280, at page 288, 60 S.Ct. 527, at page 531, 84 L.Ed. 754, the court said: "In federal courts of equity the doctrine of laches was early supplemented by the rule that when the question is of lapse of time barring relief in equity, such courts, even though not regarding themselves as bound by state statutes of limitations, will nevertheless, when consonant with equitable principles, adopt and apply as their own, the local statutes of limitations applicable to the equitable causes of action in the judicial district in which the case is heard. (Citing authorities)."

Because we rest our conclusion upon the application of the bar of the statute and laches of plaintiff, we must not be considered as concluding that there was either clear or convincing proof of the allegations of plaintiff's complaint. Indeed, Judge Schwellenbach in his exhaustive opinion in this case, D.C., 42 F.Supp. 147, seems to have conclusively demonstrated that there was no equity in the suit. However, in view of the fact that this action is barred for failure to institute timely proceedings, we refrain from a discussion of the merits.

Affirmed.

HANEY, Circuit Judge, did not participate in the consideration or decision of this case.